PER CURIAM.
By an appeal from denial of a motion to vacate judgment and sentence and petition for writ of habeas corpus which this Court has consolidated, appellant poses a number of grounds challenging the legality of his conviction of first degree murder. Appellant further challenges the denial by the trial court of an evidentiary hearing as to the voluntariness of his plea of guilty, and the failure of his court appointed counsel to appeal his conviction pursuant to his request.
We first consider the question of voluntariness as to appellant’s plea of guilty. In September of 1971, pursuant to a previous plea of not guilty, appellant was brought to trial and a jury empaneled. At this' stage of the trial, appellant requested that he be allowed to withdraw his plea of not guilty and enter a plea of guilty provided that the court would recommend mercy. The trial court inquired extensively of appellant and his court-appointed private attorney prior to permitting the withdrawal of the not guilty plea and as to the voluntariness of appellant’s plea of guilty. Appellant was sentenced to life imprisonment and advised of his right to appeal. This record completely refutes all allegations made by appellant as to his plea of *280 guilty being involuntary. The trial court was correct in denying an evidentiary hearing on this question.
The sole allegation that is not refuted by the record relates to whether his court appointed attorney failed to file a notice of appeal after being requested to do so by appellant. The cause is remanded to the trial court to hold an evidentiary hearing upon this allegation.
• Affirmed in part; reversed in part and remanded with directions.
RAWLS, C. J., and SPECTOR and JOHNSON, JJ., concur.